```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

AMOS BEN ISRAEL #B-69681,       )
                                )
               Plaintiff,       )
                                )
      v.                        )     No.  11 C 1626
                                )
I.D.O.C. (Acting Director       )
GLADYSE TAYLOR), et al.,        )
                                )
               Defendants.      )
```

                          MEMORANDUM ORDER

   This is the second lawsuit that has been assigned to this Court's calendar in which Amos Ben Israel ("Ben Israel") has submitted a 42 U.S.C. §1983 Complaint asserting that custodial authorities have violated his constitutional rights by failing to provide him with the type of food prescribed by his religious beliefs (Ben Israel describes himself in Complaint ¶IV as "a Jewish (Hebrew) person"). This time Ben Israel sues the Illinois Department of Corrections and various personnel at the Dixon Correctional Center ("Dixon"), where he is now in custody.[1]

   Before this memorandum order turns to Ben Israel's present lawsuit, mention should be made of his mistaken reference to the earlier lawsuit that he refers to in n.1. Complaint ¶III.H and III.I describe that action as "still pending," while in fact it was dismissed on January 24, 2011 because, as that day's

---

[1] In late January Ben Israel had filed Case No. 11 C 408 against Cook County Sheriff Tom Dart and employees of the Cook County Department of Corrections ("County Jail"), where he was then confined.

memorandum order stated in relevant part:

> But although he refers to complaints that he has lodged with some people at the County Jail, what Ben Israel does <u>not</u> do is to assert or to provide any support for his having satisfied the precondition to suit established by 42 U.S.C. §1997e(a): the exhaustion of all available administrative remedies.

And it now appears that the same problem is posed by Ben Israel's current Complaint.

Before this memorandum order turns to that subject, however, the threshold requirements of 28 U.S.C. §1915 ("Section 1915") must be dealt with. In that respect the printout of transactions in Ben Israel's trust fund account at Dixon that is attached to his In Forma Pauperis Application ("Application") covers only one month (as the two lawsuits reflect, he was only recently transferred from the Cook County Jail to Dixon), and the statement shows aggregate deposits of $70, 20% of which (Section 1915(b)(1)) comes to $14.

Accordingly the Application is granted to the extent that Ben Israel need not pay the full $350 filing fee in advance, although he must pay the entire fee in future installments. Ben Israel is therefore assessed an initial partial payment of $14, and the Dixon trust fund officer is ordered to collect that amount from Ben Israel's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

```
                    Office of the Clerk
                    United States District Court
                    219 South Dearborn Street
                    Chicago IL 60604
                    Attention:  Fiscal Department
```

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Ben Israel's name and the 11 C 1626 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the Dixon trust fund officer.

After such initial payment, the trust fund officer at Dixon (or at any other correctional facility where Ben Israel may hereafter be confined) is authorized to collect monthly payments from Ben Israel's trust fund account in an amount equal to 20% of the preceding month's income credited to the account.  Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

Now to return to the subject of exhaustion of administrative remedies referred to earlier, once again Ben Israel has failed to show his compliance with the precondition to suit established by 42 U.S.C. §1997e(a).  Although Complaint ¶IV refers to "several grievances" and to Ben Israel's having talked and written to various prison personnel, none of that establishes his having pursued and exhausted administrative remedies in accordance with the applicable regulations.

Because the matter is unclear, this Court will not dismiss the current action because of Ben Israel's possible noncompliance with the statutory precondition. Instead he is granted until March 28 to provide an amendment to the Complaint that includes exhibits showing his pursuit of the institution's administrative remedies amounting to their exhaustion. If he fails to do so, this action (like the earlier one) will be dismissed without prejudice, a disposition that under Fed. R. Civ. P. 59(e) would give Ben Israel the opportunity to cure the omission and to file a motion to alter or amend the judgment of dismissal.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  March 14, 2011

---

[2] Ben Israel has also accompanied the Complaint and Application with a form of Motion for Appointment of Counsel. But in doing so he has left blank the space calling for the required information as to what efforts he has made on his own to obtain counsel to represent him.