```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

AMOS BEN ISRAEL #B-69681,        )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No.  11 C 1626
                                 )
I.D.O.C. (Acting Director        )
GLADYSE TAYLOR), et al.,         )
                                 )
            Defendants.          )
```

MEMORANDUM ORDER

This Court's April 12, 2011 memorandum order ("Order") reiterated this Court's concern as to whether pro se plaintiff Amos Ben Israel ("Ben Israel") had exhausted all available administrative remedies before launching his 42 U.S.C. §1983 action--an exhaustion requirement that 42 U.S.C. §1997e(a) makes a precondition to the institution of any such lawsuit. As the Order stated, this Court had then undertaken an inquiry as to whether this District Court's recently adopted program of obtaining pro bono counsel to assist in <u>Pavey</u> hearings (see <u>Pavey v. Conley</u>, 544 F.3d 739 (7th Cir. 2008)) might be utilized here.

This Court has now received a response from the lawyer heading up the volunteer program that provides <u>Pavey</u> assistance. Instead of this Court essaying a paraphrase of that response, it is replicated in its entirety here:

> I have reviewed the docket sheet, complaint, and Mr. Israel's motion for extension of time.
>
> Based on the time line alleged by Mr. Israel, it is virtually impossible for him to have exhausted his

> administrative remedies. According to the complaint, he
> arrived at Stateville's Reception Center on January 14,
> 2011. He was transferred to Dixon at some time prior to
> February 21, 2011, when he signed the complaint.
> According to the docket sheet, his complaint was filed
> by the Clerk of the Court on March 8, 2011.
>
> If he filed a grievance at Stateville, he would have
> had to complete all five levels of the grievance appeal
> process (counselor, grievance officer, warden,
> Administrative Review Board, and Director) in less than
> two months. Each of these steps alone can take that
> long.
>
> Alternately, he could have waited until he arrived at
> Dixon, and then filed directly with the Administrative
> Review Board. According to the complaint, as late as
> January 31, 2011, he was still at Stateville. This
> would mean that the Administrative Review Board issued
> a decision in less than 6 weeks. Under the regulations,
> the Administrative Review Board has six months to
> complete its review, and in my experience, often misses
> even that deadline. The chance that he obtained a final
> ruling on his grievance in less than 6 weeks is remote.
>
> In Mr. Israel's motion for extension, he does not say
> he has completed the grievance process. Instead, he
> says he is unable to obtain
>
> We are able to recruit attorneys to accept these cases
> because we represent to them that we vet the cases.
> That is, our tacit representation to the pro bono
> coordinators is that we have investigated the case, and
> found that there is a plausible factual and legal basis
> for the claim. In this instance I feel unable to make
> that representation.
>
> Since this is a new program, I am not sure how I should
> proceed. I appreciate any suggestions you may be able
> to provide.

Based on what has been said there and on Ben Israel's own failure

to provide any showing of the necessary exhaustion, both the

2

Complaint and this action are dismissed.[1]

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date:  May 24, 2011

---

[1] No ruling is made or implied here as to the viability or propriety of Ben Israel's claim if the exhaustion hurdle were to be cleared.